U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 2 9 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| CURTIS JOHNSON | DOCKET NO. 06-CV-0131, SEC.P |
|---|---|
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN TIM WILKINSON, ET AL | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed on January 25, 2006, by *pro se* plaintiff, Curtis Johnson. When his petition was filed, Plaintiff was incarcerated at the Winn Correctional Center in Winnfield, Louisiana.

On February 2, 2006, Plaintiff's request to proceed *in forma pauperis* was granted, and a copy of that order was mailed to the plaintiff at the address he provided when his petition was filed. [Doc. #3.] On February 21, 2006, the order was returned to the Clerk by the United States Postal Service ("USPS") because Plaintiff was apparently no longer housed at that facility. [Doc. #4.]

On June 15, 2006, the Court ordered Plaintiff to amend his complaint to provide more information regarding his claim. [Doc. #5] A copy of the order was sent to Petitioner at the address on file with the Clerk of Court. This document was also returned to the Clerk by the USPS on June 20, 2006.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988). Further, Local Rule (LR) 41.3W provides in part, "The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days."

More than thirty days have elapsed since the order granting *in forma pauperis* status and order to amend were returned to the court, and plaintiff has still not provide the Court with a current address.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of ___August___, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE